In the Matter of EDWIN ALEXANDER et al., Appellants, against NEW YORK STATE COMMISSION TO INVESTIGATE STATE AGENCIES IN RELATION TO PARI-MUTUEL HARNESS RACING, Respondent.

In the Matter of ABRAHAM CHAIT, Appellant, against BRUCE BROMLEY et al., Constituting the New York State Commission to Investigate State Agencies in Relation to Pari-Mutuel Harness Racing, Respondents.

In the Matter of BURTON D. CHAIT, Appellant, against BRUCE BROMLEY et al., Constituing the New York State Commission to Investigate State Agencies in Relation to Pari-Mutuel Harness Racing, Respondents.

In the Matter of SARA CHAIT, Appellant, against BRUCE BROMLEY et al., Constituting the New York State Commission to Investigate State Agencies in Relation to Pari-Mutuel Harness Racing, Respondents.

In the Matter of SIDNEY ELLIS, Appellant, against BRUCE BROMLEY et al., Constituting the New York State Commission to Investigate State Agencies in Relation to Pari-Mutuel Harness Racing, Respondents.

Argued February 25, 1954; decided March 12, 1954.

*Louis B. Frutkin* and *Herbert Frutkin* for Edwin Alexander and another, appellants. I. Respondent commission has exceeded the scope of its authority in its proposed examination. The authority of the commission is limited by the terms of the Executive Order which created it. (*United States* v. *Morton Salt Co.,* 338 U. S. 632; *Oklahoma Press Pub. Co.* v. *Walling,* 327 U. S. 186; *New York Elec. & Gas Corp.* v. *Maltbie,* 169 Misc. 144; *Matter of Hirshfield* v. *Hanley,* 228 N. Y. 346; *Matter of Barnes,* 204 N. Y. 108; *Jones* v. *Securities Comm.,* 298 U. S. 1.) II. The private papers sought to be subpœnaed are not relevant to the subject matter lawfully under investigation. (*Carlisle* v. *Bennett,* 268 N. Y. 212; *Matter of Foster,* 139 App. Div. 769; *Matter of Edge Ho Holding Corp.,* 256 N. Y. 374.) III. The subpœna duces tecum violates the rights of petitioners-appel-

lants, under the Fourth Amendment to the Constitution of the United States, and under section 12 of article I of the Constitution of the State of New York. (*Hale* v. *Henkel,* 201 U. S. 43; *Federal Trade Comm.* v. *American Tobacco Co.,* 264 U. S. 298.)

*David J. Landau* for Abraham Chait, appellant. I. A subpœna duces tecum which is too broad and sweeping is unreasonable, oppressive and a violation of a witness' constitutional rights. (*Carlisle* v. *Bennett,* 268 N. Y. 212; *Kilbourn* v. *Thompson,* 103 U. S. 168; *McGrain* v. *Daugherty,* 273 U. S. 135; *People ex rel. McDonald* v. *Keeler,* 99 N. Y. 463; *Jones* v. *Securities Comm.,* 298 U. S. 1; *Hale* v. *Henkel,* 201 U. S. 43.) II. Respondents' demand for the production of records embracing a period of six years prior to the acquisition of the Algam securities is made in bad faith. (*Matter of Ellis,* 176 Misc. 887; *Federal Trade Comm.* v. *American Tobacco Co.,* 264 U. S. 298; *Matter of Hirshfield* v. *Hanley,* 228 N. Y. 346; *Matter of Foster,* 139 App. Div. 769; *Jones* v. *Securities Comm.,* 298 U. S. 1.)

*Edward G. Bathon* for Burton D. Chait, Sara Chait and Sidney Ellis, appellants. I. Respondents have no authority to conduct a general investigation into a citizen's private affairs having no relation to pari-mutuel harness racing. (*Matter of Barnes,* 204 N. Y. 108; *United States* v. *Morton Salt Co.,* 338 U. S. 632.) II. The question as to what records are relevant and material to respondents' inquiry is one to be determined by the court, not the respondents. (*Matter of Foster,* 139 App. Div. 769; *Matter of Gilchrist,* 130 Misc. 456; *Carlisle* v. *Bennett,* 268 N. Y. 312; *Matter of Hirshfield* v. *Craig,* 239 N. Y. 98; *Dunham* v. *Ottinger,* 243 N. Y. 423; *Matter of Ellis,* 176 Misc. 887.) III. The subpœnas in question constitute an unlawful invasion of petitioners-appellants' constitutional rights in violation of section 12 of article 1 of the Constitution of the State of New York and the Fourth and Fourteenth Amendments to the Constitution of the United States. (*Hale* v. *Henkel,* 201 U. S. 43; *Federal Trade Comm.* v. *American Tobacco Co.,* 264 U. S. 298; *Jones* v. *Securities Comm.,* 298 U. S. 1; *Boyd* v. *United States,* 116 U. S. 616; *Harriman* v. *Interstate Commerce Comm.,* 211 U. S. 407.)

*George Trosk, Edwin L. Gasperini, Arnold A. Hackmyer* and *Robert D. Hughes* for respondents. I. A Moreland commission may investigate " merely on suspicion that the law is being violated, or even just because it wants assurance that it is not," and the subpœnas issued by such an agency should not be invalidated or modified unless the objectant establishes " as a matter of law ", that " the futility of the process to uncover anything legitimate is inevitable or obvious." Objectants here have made no such showing: on the contrary, the record affirmatively shows that the commission is entitled to examine the records it has subpœnaed. (*Matter of Joint Legislative Committee [Teachers' Union]*, 285 N. Y. 1; *Matter of Edge Ho Holding Corp.*, 256 N. Y. 374; *Matter of Di Brizzi*, 303 N. Y. 206; *Matter of Dairymen's League Coop. Assn.* v. *Murtagh*, 274 App. Div. 591, 299 N. Y. 634; *United States* v. *Morton Salt Co.*, 338 U. S. 632; *Matter of International Ry. Co.* v. *Mahoney*, 271 App. Div. 283; *Matter of Manning* v. *Valente*, 272 App. Div. 358, 297 N. Y. 681; *Matter of Toch Realty Co.*, 256 N. Y. 655; *Matter of Scheer Realty Co.* v. *Higgins*, 257 N. Y. 541.) · II. The requirements of the subpœnas being reasonable, they do not violate the unreasonable search and seizure provisions of either the New York State or the United States Constitution. (*Oklahoma Press Pub. Co.* v. *Walling*, 327 U. S. 186; *Isbrandtsen-Moller Co.* v. *United States*, 300 U. S. 139.)

*Per Curiam.* There is presented to us by the record and briefs herein two narrow questions. The petitioners have been served with subpœnas and subpœnas duces tecum by the respondent commission calling for the production of certain records and papers. Concededly no issue has been presented here as to the power of the commission to conduct the present inquiry with respect to the Yonkers Raceway, **nor** as to the existence of the power of the commission to issue the subpœnas. It was stated during the argument by counsel for petitioners, who were the only ones who argued the appeal, the commission having submitted, that there was no question of criminal conduct on the part of Abraham Chait involved since, even were he a beneficial owner of Algam stock, that beneficial ownership would not constitute a criminal act.

Since the petitioners do not now object to two of the four items indicating the records and papers sought to be subpœnaed, we are concerned only with the propriety of items 2 and 3. The two narrow questions presented for our consideration are: (a) were the papers sought in those two items relevant to the subject matter under investigation, and (b) were the subpœnas too broad or sweeping in their terms by reason of the period of time covered?

As to question (a): We cannot say, as a matter of law, that the records and papers sought are not at least prima facie relevant to such inquiry and petitioners have not presented facts tending to establish the unreasonableness of the process issued to uncover anything legitimately affecting the subject of the inquiry. Petitioners have already been examined under item 1, which called upon them to produce records and testify concerning ownership and other financial interests, direct and indirect, relating to associations and corporations holding licenses for the conduct of harness horse race meets at which pari-mutuel betting is conducted and interests in income or other financial arrangements in and in any way related to the conduct of such harness horse race meets or the track at which such meets are held, but an examination of the testimony fails to disclose that the commission was able to elicit full and frank communicative responses to questions asked. After that, the commission has sought to examine them with respect to all of their bank accounts, stock certificates, bonds and other property which may result in disclosures that will connect up facts already revealed but which petitioners have been reticent about explaining. In its investigation pursuant to these subpœnas, the commission will, of course, be restricted to such material as is relevant to the subject of the inquiry, but is not obliged to take petitioners' word for what is or is not relevant.

As to question (b): The petitioners, or some of them, urge that it would be ample for the commission's purposes if only records and papers subsequent to January 1, 1951, were required by the subpœnas. That date is eleven months prior to the acquisition of the securities of Algam Corporation by Burton D. Chait and about twenty months after he manifested an interest in the project. The commission on the other hand urges that it needs records and papers running back to 1946.

Thus, we have the petitioners and the commission selecting two dates and each group insisting that its selected date is the reasonable one. When the appeal was argued before the Appellate Division there were no dates in the subpœnas affecting item 3. There were dates in the subpœnas affecting items 1, 2 and 4, and, as mentioned earlier, there is no objection to items 1 and 4. The Appellate Division inserted in item 3 the same dates as to the respective petitioners which had been inserted by the commission in items 1, 2 and 4. No facts are presented indicating that the dates selected by the commission or inserted by the Appellate Division cover too long a period and there is no warrant for upsetting the determination of the Appellate Division.

The orders appealed from should be affirmed.

DYE, J. (dissenting). I dissent and vote to modify the orders of the Appellate Division to the extent that the petitioners be directed to produce the documents called for by items numbered 2 and 3 of the subpœnas acquired from April 1, 1950 (which is the earliest date the commission claims the witnesses manifested an interest in Algam), to date, insofar as the same are relevant and material to the matter under investigation, and, as so modified, the orders of the Appellate Division should be affirmed (see U. S. Const., 4th Amendt.; N. Y. Const., art. I, § 12; Executive Law, § 6).

LEWIS, Ch. J., CONWAY, DESMOND, FULD, FROESSEL and VAN VOORHIS, JJ., concur; DYE, J., dissents in memorandum.

Orders affirmed.